UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **GARY L. LUNDQUIST, ET AL.** | : | **DOCKET NO. 07 CV 1994** |
| **VS.** | : | **JUDGE DOHERTY** |
| **J&J EXTERMINATING, INC., ET AL.** | : | **MAGISTRATE JUDGE HILL** |

<u>**MEMORANDUM RULING**</u>

Pending before the undersigned is the plaintiffs' Motion to Remand this suit to the 14th Judicial District Court. [rec. doc.7]. Defendant, Standard Fire Insurance Company, has filed opposition. [rec. doc. 9]. For the following reasons, the Motion to Remand will be **GRANTED,** subject to the stay set forth in the accompanying order**,** and accordingly, this lawsuit will be remanded to state court.

## BACKGROUND

Plaintiffs, Gary L. and Ava Lundquist, filed this lawsuit in the 14th Judicial District Court against J&J Exterminating Company, Inc. ("J&J"), Crawford & Company ("Crawford"), Property Restoration Company, LLC ("PRC") and the Standard Fire Insurance Company ("Standard Fire"), seeking a judgment against these defendants for damages to their home. The damages to the Lundquist home was occasioned by the following series of events.

During the course of a termite contract with J&J, on two occasions, the home was found to have sustained termite damage. The Lundquists contracted with PRC to repair the termite damage. During the course of those repairs, Crawford, who was acting as the agent for J&J, refused the Lundquists' request that their belongings be placed in an outside storage facility while the Lundquists temporarily left their home for the repair work to be performed. Upon their return to their home, the Lundquists discovered that the contents of their home had been damaged by rodent infestation.

While the work to repair the termite damage was underway, but before its completion, Hurricane Rita came ashore, causing additional damage to the Lundquist home. The Lundquists' home was insured under a homeowner's policy issued by Standard Fire. Standard Fire allegedly failed to properly adjust the Lundquists' claims resulting from Hurricane Rita. The Lundquists again contracted with PRC to repair the damage to the home. The repairs to the home have not yet been completed. The Lundquists have filed the instant suit to recover damages from those whom the plaintiffs contend are responsible for the outstanding repairs.

Plaintiffs admit that the portion of the total damages for which each defendant may be liable is, at present, unclear. However, they contend that they joined all potentially liable parties in the same suit so that there could be a single judicial allocation and/or apportionment of damages. The plaintiffs do not request that the defendants be cast *in solido* for the damages, nor do they allege alternative liability, that is, that either one or

another of the defendants be cast for the whole of the damages to the exclusion of the other defendants. Prior to filing suit, the Lundquists sent a demand letter along with a single punch list of outstanding repairs to all of the defendants.

On November 20, 2007, Standard Fire removed this action to this court alleging diversity jurisdiction as the basis for removal. [rec. doc. 1]. Without acknowledging that several of the named defendants are Louisiana citizens, Standard Fire alleges that the citizenship of the other defendants should be ignored for diversity purposes because those defendants have been "fraudulently misjoined" with Standard Fire in this action. Likewise, Standard Fire asserts that the consent of the other defendants to the removal was not necessary because "fraudulently misjoined" defendants need not consent to removal.

On December 19, 2007, plaintiffs filed the instant Motion to Remand.

## LAW AND ANALYSIS

*Removal and Diversity Jurisdiction*

"Federal courts are courts of limited jurisdiction. We must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.,* 243 F.3d 912, 916 (5th Cir. 2001). Here, the removing defendant has not met its burden. Accordingly, this court lacks diversity jurisdiction and remand is required.

The removal statute provides in pertinent part:

Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b).

In cases which are removed based on diversity, it is axiomatic that no defendant may be a citizen of the forum state. 28 U.S.C. § 1441(b); *Caterpillar Inc. v. Lewis*, 117 S.Ct. 467, 469, 473 (1996). Thus, when there is a single defendant who is a citizen of the forum state present, removal on the basis of diversity jurisdiction is barred. *Id*. Similarly, in a case with multiple plaintiffs and/or multiple defendants, complete diversity is required. *Id*.; *Exxon v. Allapattah*, 545 U.S. 546, 125 S.Ct. 2611, 2617 (2005). Moreover, in diversity cases, a single non-diverse party "destroys original jurisdiction with respect to all claims" in the action. *Id.* at 2618. An exception to the rule of complete diversity applies when a non-diverse defendant is improperly joined in order to defeat the court's diversity jurisdiction.

It is undisputed that the plaintiffs are citizens of Louisiana. It further undisputed that at least two of the four defendants, J&J Exterminating, Inc., and Property Restoration Company, LLC, are Louisiana citizens for purposes of removal and diversity jurisdiction. It is also undisputed that the removing defendant, the Standard Fire Insurance Company,

is a diverse defendant.[1] Standard Fire contends that the presence of these non-diverse defendants should be disregarded because the Louisiana defendants were "fraudulently misjoined."

*Improper or Fraudulent Joinder*

As the party invoking the court's jurisdiction, Standard Fire bears the burden of establishing federal subject matter jurisdiction. *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992). The Fifth Circuit has recognized two ways for the removing party to establish improper or fraudulent joinder: "actual fraud in the pleading of jurisdictional facts," or an "inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Illinois Central Railroad Company*, 385 F.3d 568, 573 (5th Cir. 2004) (*en banc*) *citing Travis v. Irby*, 326 F.3d 644 (5th Cir. 2003) *citing Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999).[2] The removing party's burden of proving improper joinder is "heavy." *Smallwood,* 385 F.3d at 574. Here, Standard Fire does not contend that there was any fraud in the pleading of jurisdictional facts nor does Standard Fire contend that the plaintiffs have no reasonable basis for recovery against the other defendants. Thus, Standard Fire has failed to carry its burden under either of the two methods for establishing improper joinder under

---

[1] It is unclear whether Crawford & Company is a Louisiana citizen for purposes of removal and diversity jurisdiction. In their petition, plaintiffs allege that Crawford is a "non-Louisiana corporation authorized to do business in Louisiana with its principal business establishment in Louisiana being in East Baton Rouge Parish."

[2] In *Smallwood*, while sitting *en banc*, the Fifth Circuit adopted the term "improper joinder" rather than the term "fraudulent joinder" used in prior cases, noting that "there is no substantive difference between the two terms." *Id.* at 571 fn. 1. The undersigned prefers the term "improper joinder".

5

*Smallwood*.

*Fraudulent Misjoinder of Claims*

In an attempt to avoid remand under *Smallwood*, Standard Fire argues that the claims asserted by plaintiffs against J&J, PRC and Crawford were "fraudulently misjoined" with the claim asserted against it.[3]  Hence, Standard Fire argues that this court should sever the claims against those defendants, remand the claims against the non-diverse defendants, and retain jurisdiction over plaintiffs' claims against it, the allegedly sole diverse defendant.

The concept of improper misjoinder of claims was first articulated by the Eleventh Circuit in *Tapscott v. MS Dealer Serv. Corp.,* 77 F.3d 1353 (11th Cir.1996), *abrogated on other grounds sub nom, Cohen v. Office Depot,* 204 F.3d 1069 (11th Cir.2000).  In *Tapscott*, the Eleventh Circuit held that the misjoinder of "wholly distinct" claims, measured under the standards of Rule 20, FRCP, against two groups of unrelated defendants, one group diverse, and the other group non-diverse and having "no real connection with the controversy," could not defeat the diverse defendants' right of removal.  *Tapscott*, 77 F.3d at 1360.   The court noted, however, that mere misjoinder of claims does not rise to the level of improper misjoinder; to rise to that level, the misjoinder must be totally unsupported or "egregious" misjoinder.  *Id*.

Standard Fire argues that the Fifth Circuit has recognized approvingly the holding

---

[3] Again, consistent with the terminology preferred by the Fifth Circuit and the undersigned, the term "improper" rather than "fraudulent" will be used herein.  *See* fn. 2, *supra..*

in *Tapscott*. *See In re Benjamin Moore & Co.*, 309 F.3d 296, 298 (5th Cir. 2002); and *In re Benjamin Moore & Co.*, 318 F.3d 626, 631 (5th Cir. 2002). A review of those cases, and subsequent Fifth Circuit jurisprudence, reveals that no Fifth Circuit case has specifically adopted or actually applied *Tapscott* in the manner in which Standard Fire seeks to have that case applied here.[4]

To the contrary, in *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 573 (5th Cir. 2004), an *en banc* Fifth Circuit decision that post-dates the *Benjamin Moore* decision, the Fifth Circuit identified only two methods of establishing improper joinder, actual fraud in the pleading of jurisdictional facts and the inability of the plaintiffs to plead a cause of action against the non-diverse defendants in state court. There is no mention of *Tapscott*-type improper joinder as an acceptable method of establishing improper joinder in *Smallwood*. This omission was recognized by the Eastern District in *Schwartz v. Chubb & Sons, Inc.*, 2006 WL 980673, *4 (E.D.La. 2006); *See also Richmond v. Chubb Group Insurance Companies*, 2006 WL 2710566, *6 (E.D.La. 2006) (citing and concurring with the reasoning of *Schwartz* and noting that "*Tapscott* may not

---

[4] In *In re Benjamin Moore & Co.*, 309 F.3d 296, 298 (5th Cir. 2002) the Fifth Circuit denied a petition for *writ of mandamus*, and in doing so cited *Tapscott* stating "it might be concluded that misjoinder of plaintiffs should not be allowed to defeat diversity jurisdiction." In *In re Benjamin Moore & Co.*, 318 F.3d 626, 630-631 (5th Cir. 2002) the Fifth Circuit addressed another petition for *writ of mandamus*, holding that it did not have jurisdiction to review the district court's decision regarding misjoinder, but doing so "without detracting from the force of the *Tapscott* principle that fraudulent misjoinder of plaintiffs is no more permissible than fraudulent misjoinder of defendants to circumvent diversity jurisdiction." Recently, in *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529 (5th Cir. 2006), in a case previously remanded by the district court to state court for lack of diversity jurisdiction, the Fifth Circuit found that the "voluntary/involuntary rule", whereby a non-removable action may become removable only by a voluntary act of the plaintiff, does not bar a second removal after the state courts sever improperly joined claims asserted against non-diverse defendants thus creating diversity jurisdiction.

7

be a recognized type of improper joinder in the Fifth Circuit"); *Bernstein v. Allstate Insurance Company*, 2007 WL 496857, *3 (E.D.La. 2007) (same).

Even if misjoinder under Rule 20 would allow Standard Fire the relief it seeks here, any misjoinder here is not sufficiently egregious to constitute improper joinder under *Tapscott*. The courts which have applied *Tapscott's* "fraudulent misjoinder" principle have consistently observed that "mere misjoinder" does not constitute "fraudulent misjoinder". *See Juneau v. Ducote*, 2005 WL 2648861, *4 (W.D.La. 2005); *Bright v. No Cuts, Inc.*, 2003 WL 22434232, *4 (E.D. La. 2003) and cases cited therein. Even under *Tapscott* the misjoinder must be "egregious" before relief is granted. *Id.*[5] This has been recognized in prior cases by this Court, both by the undersigned and by Judge Trimble. *Shamieh, et al. v. American Interstate Insurance Company, et al.*, 2:06-0242 (W.D.La. 2006); *Gunderson v. F.A.Richard & Associates, et al.*, 2:04-1242 (W.D.La. 2005). Even courts that follow *Tapscott* have not applied that case unless the connection between the claims against the individual parties is so tenuous that disregarding the citizenship of the joined parties is just, or when there is no "palpable connection" between the claims and parties joined. *Bright,* 2003 WL 22434232 at *5 , and cases cited therein.

---

[5]*See also Turner v. Murphy Oil,* 2007 WL 2407310, *6 (E.D.La. 2007); *Windhorst v. State Farm,* 2008 WL 170054, *3 *(E.D.La. 2008); Dufrene v. Hanover Insurance,* 2007 WL 4180584, *1 (E.D.La. 2008); *Lichtfuss v. Encompass Insurance,* 2007 WL 708779, * 3 (E.D.La. 2007)*; Faler v. Allstate Insurance Co.,* 2007 WL 781341, *3 (E.D.La. 2007)*; Radlauer v. Great Northern Insurance Co.,* 2006 WL 1560791, *6 (E.D.La. 2006)*; In re Silica Products Liability Litigation*, 398 F.Supp.2d 563, 651 and 656-657 (S.D.Tex. 2005); *Schuchmann v. Miraglia*, 2004 WL 2626532, *3 (N.D.Tex. 2004); *Walton v. Tower Loan,* 338 F.Supp.2d 691, 695 (N.D.Miss. 2004); *Delaney v. Bank of America Corp.*, 2004 WL 1553518, *3 (N.D.Miss. 2004); and *Mohamed v. Mitchell,* 2006 WL 212218, *1 (N.D.Miss. 2006).

Standard Fire also argues that the claims against the diverse defendants have been improperly cumulated in violation of the Louisiana Code of Civil Procedure and that therefore they are misjoined. *See* La. Code Civ. Pro. Art. 463. However, both the Eleventh Circuit in *Tapscott* and the district courts in this circuit have analyzed the question of fraudulent misjoinder under Rule 20 FRCP, and not under state joinder (cumulation) rules.[6] *See Tapscott, Juneau* and *Gunderson, supra.*; *See also Triggs v. John Crump Toyota, Inc.* 154 F.3d 1284 (11th Cir. 1998) (analyzing a claim of fraudulent misjoinder under Rule 20, FRCP); *Lichtfuss v. Encompass Insurance,* 2007 WL 708779, * 3 (E.D.La. 2007)*; Faler v. Allstate Insurance Co.,* 2007 WL 781341, *3 (E.D.La. 2007). The research of the undersigned reveals that among those federal district courts that have applied *Tapscott*, the question of whether a claim of improper joinder under *Tapscott* should be analyzed under state joinder rules or Rule 20 FRCP is unsettled. The undersigned finds it unnecessary to decide the issue here because, even if *Tapscott* applies, this case does not present an example of "egregious" misjoinder.

---

[6] The test for permissive joinder under Rule 20, FRCP, can be paraphrased as "(1) whether there is a logical relationship between the claims, and (2) whether there is any overlapping proof or legal question." *DIRECTV, Inc. v. Vanryckeghem*, 2004 WL 1794521, *2 (E.D.La. 2004) (citations omitted).
    Rule 20 does not require that all questions of law or fact in the action be common among the parties; rather, the rule permits joinder whenever there is at least one common question of law or fact. *Guedry v. Marino*, 164 F.R.D. 181, 184 (E.D.La.1995).
    To the extent that Standard Fire argues that the joinder of the claims asserted herein was improper under Rule 20, that argument is unpersuasive. The complained of joinder, at least on its face, meets the requirements of Rule 20. The claims asserted by plaintiffs herein center on a series of events, all of which allegedly caused and contributed to plaintiffs' damages. The logical relation between these claims which necessarily involve overlapping proofs, are factual and legal issues common to all parties defendant.

In the instant case, joinder of the claims against the non-diverse defendants is not tenuous, and there is more than a palpable connection between the claims and parties joined. The claim for damages asserted by the plaintiffs in this suit is for the overall damage to their residence. While the cause of the damage may stem from different sources, (termites, rodents and a hurricane) the overall damage itself is a quantifiable singular sum which may be apportioned among the defendants according to their individual responsibility for those damages. Further, while some defendants may be liable in contract and others in tort, the question of how the plaintiffs' damages are to be apportioned among the defendants is a factual question which will be resolved by the trier of fact after presentation of evidence as to the causation of each item of damage claimed by plaintiffs. Thus, there are overlapping common factual and legal issues.

This is not a case where the plaintiffs are alleging that one defendant or another is liable for the total amount of damages, in the alternative, as the Standard Fire suggests. As the undersigned reads plaintiffs' petition, this is a case where the liability of each defendant for its portion, if any, of plaintiffs' damages, must be judicially determined, separately, under the applicable standards of proof.[7] There is an overall injury, for which

---

[7] The undersigned does not read plaintiffs' petition as requesting that this court lower or shift their burden of proof as to causation of, or liability for, the damages sought. Indeed, such a request would be wholly improper. Upon remand, and after discovery, the plaintiffs' burden of proving each defendant's contribution to, and responsibility for, the claimed damages will remain with the plaintiffs. To the extent that plaintiffs will be unable to satisfy their burden of proof as to any defendant, such issues may be raised via appropriate dispositive motion.

each defendant may have some degree of liability.[8] It makes perfect sense that this allocation be made in a single lawsuit in a single forum. Indeed, to sever the claims as Standard Fire suggests would result in piecemeal litigation of overlapping factual and legal issues which might well result in inconsistent judgments, or judgments which over-compensate or under-compensate the plaintiffs for the their damages.

In light of the above, it is clear that even if *Tapscott* applies (which the undersigned does not believe is correct), the joinder of claims and parties in this case is not "egregious", and therefore, even under *Tapscott*, remand is required.

The undersigned notes that this ruling will not preclude the defendants from seeking severance in state court after the case has been remanded.[9] If the state court holds that the cumulation is improper and orders a severance, and if removal is still timely, any diverse defendant may at that time be able to properly remove their respective cases on the ground that while the case was not initially removable, the case became removable. *See Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529 (5th Cir. 2006); *see*

---

[8]*See Turner v. Murphy Oil,* 2007 WL 2407310, *6 (E.D.La. 2006) citing *Miller v. Commercial Union Insurance Co.*, 305 So.2d 560, 562-653 (La. App. 2nd Cir. 1974) (finding sufficient overlap between plaintiffs claims against the defendants thus precluding a finding of egregious misjoinder because "there is a question of which defendant is responsible for what part of the damage to the plaintiff's property). *Miller* is discussed *infra.* at fn. 9.

[9]This court expresses no view as to whether under Louisiana law the claims and parties were properly cumulated herein. That is a question to be resolved by the state court. However, at least one Louisiana appellate court has found that when the "central issue" in the case is "to determine which defendant is responsible for what part of the damage" to plaintiff's automobile, the plaintiff properly joined different causes of action against different defendants under separate theories of tort and contract (insurer of the third party tortfeasor for damages to the plaintiff's automobile as a result of a collision, insurer of the tow truck operator who caused additional damage to the plaintiff's automobile during towing from the accident scene to the repair shop, the auto repair shop which allegedly did faulty repair work on the auto and plaintiff's own collision insurer), because "[a]lthough the potential liability of the three ... defendants is based on three separate causes of action, the facts relating to each separate incident and transaction will necessarily be considered in determining the respective liabilities." *Miller v. Commercial Union Companies*, 305 So.2d 560, 562-563 (La. App. 2nd Cir. 1974).

*also Griffith v. Louisiana Citizens Coastal Plan*, 2007 WL 933510, *3 (W.D.La. 2007), *citing Crockett* (finding it "unnecessary to adopt a fraudulent misjoinder doctrine ... [because t]here is no impediment to simply requiring the defendant to raise the issue of improper joinder in the state court."); *Booth v. Louisiana Citizens Coastal Plan,* 2007 WL 933665, *3 (W.D.La. 2007) (same).

Indeed, remand to state court for determination of misjoinder issues comports with the recommendation of professors Wright and Miller who opine that the removing party challenge the misjoinder in state court before seeking removal. 14B, Wright, Miller & Cooper, Federal Practice & Procedure 3d, § 3723 at 658; *See also Osborn v. Metropolitan Life Insurance Co.*, 341 F.Supp.2d 1123, 1127 (E.D.Cal. 2004) (finding the "better rule" was to require the claimed misjoinder be resolved in state court, and then, if that court severed the case and diversity then existed, seek removal of the case to federal court.").

*Plaintiffs' Request for Costs, Expenses and Attorney Fees*

Plaintiffs also move under 28 U.S.C. § 1447(c) for an award of costs, expenses and attorney's fees against the removing defendant, Standard Fire, for improper removal of this case. This court has discretion to award costs and expenses, including attorney's fees, incurred as a result of improper removal. *Martin v. Franklin Capitol Corp.*, 546 U.S. 132, 126 S.Ct. 704, 709 (2005); *Allstate Insurance Company v. Ford Motor Company*, 955 F.Supp. 667, 670 (W.D.La. 1996). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an

objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin*, 126 S.Ct. at 711 citing *Hornbuckle v. State Farm Lloyds,* 385 F.3d 538, 541 (5th Cir. 2004) and *Valdes v. Walmart Stores, Inc.,* 199 F.3d 290, 293 (5th Cir. 2000). Given the legal and factual circumstances presented in this case, the undersigned cannot find that the removal in this case was objectively unreasonable. Accordingly, plaintiffs' request for costs, expenses and attorney fees is denied.

## CONCLUSION

Based on the foregoing, the removing defendant has not carried its burden of establishing that federal diversity jurisdiction exists in this case and that removal was proper. This court therefore lacks subject matter jurisdiction. Accordingly, the Motion to Remand will be **GRANTED,** subject to the stay set forth in the accompanying order**,** and this lawsuit will be remanded to state court. It is further ordered that plaintiffs' request for costs, expenses and attorney's fees is **DENIED.**

May 2, 2008, Lafayette, Louisiana.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE